Matthew T. Christensen
ANGSTMAN JOHNSON
3649 Lakeharbor Lane
Boise, Idaho 83703
Telephone: (208) 384-8588
Facsimile:  (208) 853-0117
Christensen ISB: 7213

Attorney for the Debtor

UNITED STATES BANKRUPTCY COURT

DISTRICT OF IDAHO

| In re: | Case No.: 10-03293-JDP |
|---|---|
| TODDS INTERTHERM, INC., | (Chapter 11) |
| Debtor. | EMERGENCY AND CONTINUING MOTION FOR AUTHORIZATION TO USE CASH COLLATERAL |

COMES NOW the Debtor in the above-entitled matter, by and through its counsel of record, ANGSTMAN JOHNSON, and, pursuant to 11 USC §363, moves the Court for an order authorizing the Debtor in Possession to use cash collateral.  This motion is made and based upon the following facts:

1.      The Debtor filed a petition under Chapter 11 of the United States Bankruptcy Code on the 7th day of October, 2010, and continues in possession of its property and the operation of its business as debtor in possession.

EMERGENCY AND CONTINUING MOTION FOR AUTHORIZATION TO USE
CASH COLLATERAL - PAGE 1
Matter: 7055-001

2. To the best of the Debtor's knowledge, information and belief, the only creditors which may claim to have liens against the Debtor's cash collateral are Wells Fargo Bank, Wells Fargo Auto, and Toyota Financial Services. The amount owed to Wells Fargo Bank is approximately $154,000.00 as of the date of the petition, together with accruing interest thereon. The amount owed to Wells Fargo Auto is approximately $1,000.00 as of the date of the petition, together with accruing interest thereon. The amount owed to Toyota Financial Services is approximately $178,000.00 as of the date of the petition, together with accruing interest thereon.

3. The Debtor is unsure whether any of these creditors actually claim an interest in the cash collateral sought to be used. However, to the extent these creditors claim an interest, the Debtor wishes to use that cash collateral to continue operating its business.

4. In the course of the Debtor's operation, the Debtor will continue to collect for the months of October 2010 through March 2011 at least $168,669.00 per month from the sale of services, products and equipment, which is the cash collateral the Debtor seeks authorization to use.

5. In accordance with the requirements of 11 USC §363(c)(4), such proceeds will be segregated into a separate bank account.

6. The Debtor does not have sufficient income to continue its operations without the use of cash collateral, and seeks authorization to use cash collateral on an interim basis and on a continuing basis during 2010 and 2011 to pay operating expenses.

7. By this motion, the Debtor requests authorization to use cash collateral on an emergency basis, pending a final hearing on this motion, to pay the expenses from

EMERGENCY AND CONTINUING MOTION FOR AUTHORIZATION TO USE
CASH COLLATERAL - PAGE 2
Matter: 7055-001

October 7, 2010, through the date of the final hearing on this Motion, including payroll expenses due and owing immediately. All expenses included on the budget should be allowed to be used on an emergency basis. Those expenses are set forth in the line item budget that is attached hereto and by reference made a part hereof as *Exhibit A*.

8. In addition to the use of cash collateral on an emergency basis pending a final hearing on this motion, the Debtor also seeks authorization to continue the use of cash collateral from and after the date of the final hearing through February 28, 2011.

9. The amount of cash collateral sought to be used on an interim basis for October, 2010, is approximately $237,151.00 from the sale of services, products and equipment, and continuing thereafter in accordance with the projected operating expenses budget (attached hereto as *Exhibit A*) through the date of the final hearing

10. If the Debtor is not permitted to use cash collateral to pay operating expenses, the Debtor will be unable to continue its business operation (including paying payroll expenses), and will be unable to fund the plan to be proposed hereafter.

11. The Debtor's projected income for October 7, 2010, through March 31, 2011, is included in the line-item budget that is attached hereto as *Exhibit A*.

12. To the extent they claim a pre-petition lien in the Debtor's cash collateral, the Debtor is willing to give adequate protection to Wells Fargo Bank, Wells Fargo Auto, and Toyota Financial Services by granting said creditors a post-petition lien, to the same extent that they had a lien pre-petition, against the Debtor's post-petition cash collateral.

13. As best as it can be determined by the Debtor, based upon current market conditions and values, the estimated fair market value for the collateral which may secure the above-named creditors is the amounts depicted as projected income on *Exhibit A*.

EMERGENCY AND CONTINUING MOTION FOR AUTHORIZATION TO USE CASH COLLATERAL - PAGE 3
Matter: 7055-001

14. If the Court determines the adequate protection proposed by the Debtor is not sufficient, then the Debtor requests that a determination be made as to the amount to be paid as adequate protection.

15. In the event any creditor's name appears on any check received from the sale of services, goods or equipment, said parties should be required to endorse the same.

WHEREFORE, the Debtor in Possession prays that an order be issued granting the debtor in possession the right to use cash collateral on an emergency and continuing basis, namely proceeds from the sale of services, goods and equipment, to pay the ongoing expenses set forth in the budget that is attached hereto and made a part hereof, and that the Debtor be entitled to do so until further order of this Court. The Debtor further requests that all parties named on checks be required to endorse all checks received from the sale of services, goods or equipment, to the extent of the cash collateral authorized to be used by the Debtor.

DATED this 7th day of October, 2010.

/s/_____
MATTHEW T. CHRISTENSEN
Attorney for the Debtor